IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$505,762.34 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER ENDING 7592,<br><br>DEFENDANT. | CIVIL CASE NO.: |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

### NATURE OF THE ACTION

1. Between approximately January 2022 to December 2022, Wells Fargo account ending 5585 received fraud proceeds from various types of fraud schemes, including romance scams, BEC schemes, and counterfeit check fraud.

1

2. On or about April 11, 2023, Wells Fargo closed this account due to fraud, providing a cashier's check in the amount of $505,762.34, made payable to Innocent C. Ike, which was deposited into Bank of America account ending 7592.

3. The defendant funds consist of $505,762.34 that the United States Secret Service ("USSS") seized, pursuant to a Federal seizure warrant on or about April 17, 2023, from the Bank of America account ending 7592 ("Defendant Funds").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

7. The Defendant Funds are presently located in a secure account maintained by the USSS.

## BASIS FOR FORFEITURE

### Relevant Statutes

8. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that they constitute or were derived from proceeds traceable to violations of 18 U.S.C. §§ 1349 (conspiracy to commit wire fraud) and 1343 (wire fraud).

9. The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that they constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering), or are property traceable to such property.

### Factual Background

*Investigation Background*

10. Beginning in or around 2016 to December 2022, Innocent Ike and others, known and unknown, operated a criminal enterprise (the "Enterprise") based in West Africa that committed a series of frauds against individuals and businesses located across the United States.

11. The objective of the Enterprise's scheme was to deceive victims into transferring funds into accounts controlled by the Enterprise.

12. The frauds perpetuated by the Enterprise included business email compromise fraud schemes and romance scams.

*The Enterprise's Romance Scams*

13. The Enterprise conducted romance scams by using electronic messages sent via email, text messages, social media, and online dating websites to trick victims into believing that they were in romantic relationships with fake identities assumed by individuals working on behalf of the Enterprise.

14. Once Enterprise members gained the trust of the victims using the fake identities, they used false pretenses to get the victims to wire money to bank accounts that the victims believed were controlled by their romantic interests when, in fact, the bank accounts were controlled by the Enterprise.

*The Enterprise's Business Email Compromise ("BEC") Schemes*

15. Members of the Enterprise used BEC compromise schemes to defraud victims. Specifically, members of the Enterprise used slightly altered email addresses in the names of third parties that were known to victims so they could trick victims into thinking the fake email accounts were authentic.

16. The fake email accounts were then used to send instructions to the victims to send money to certain bank accounts to pay for services rendered by legitimate businesses.

17. By using this method of deception, the Enterprise sought to trick victims into transferring hundreds of thousands of dollars to bank accounts the victims believed were under the control of legitimate recipients of the funds as part of normal business operations when, in fact, the bank accounts were under the control of the Enterprise.

*Innocent Ike Opened Wells Fargo Account Ending 5585, Which Received Fraud Proceeds from the Enterprise*

18. USSS determined that Innocent C. Ike ("Ike") was an active member of the Enterprise during the relevant period.

19. On September 17, 2019, Ike opened Wells Fargo account ending 5585 ('WF 5585") at a Wells Fargo branch in San Francisco, California.

20. Ike provided the address 95 8th Street NW, Atlanta, Georgia 30309 when he opened the account.

21. Ike was the sole signer on the account.

22. WF 5585 received fraud proceeds from various types of fraud, including romance scams, inheritance scams, BEC schemes, and counterfeit check fraud.

23. Specifically, the investigation revealed that WF 5585 received funds from the following bank accounts in the names of several fake companies that received fraud proceeds from victims that, upon information and belief, were maintained by the Enterprise:

    - Wells Fargo account ending 2439 in the name of Abbey Global Resources, LLC, with the address of 330 Arrowhead Blvd Apt 44E, Jonesboro, GA 30236 ("WF 2439");
    - Wells Fargo account ending 9127 in the name of Clifford Procurement and Logistics, with the address 330 Arrowhead Blvd Apt 45D, Jonesboro, GA 30236 ("WF 9127");
    - Wells Fargo account ending 0909 in the name of Mattjoh Resources LLC ("WF 0909"); and
    - JPMorgan Chase account ending 6117 in the name of TMZ Ohio Real Title ("JPMC 6117").

24. WF 2439 and WF 9127 list addresses at 330 Arrowhead Blvd., Jonesboro, GA 30236, with the only variation being the apartment number listed for each address.

25. Below are some of the deposits originating from fraud victims that ultimately were deposited into WF 5585:

    *WF 5585 Received Fraud Proceeds from WF 2439*

26. Nordex USA, Inc. ("Nordex") is a company based in Illinois that specializes in manufacturing wind turbines.

27. On or about June 13, 2022, Nordex's Chief Financial Officer ("CFO"), received an email from a fake email address purporting to be from the CFO of Mountain Crane, a legitimate vendor.

28. The fake email address from Mountain Crane was altered slightly to make it appear to be a legitimate email address.

29. The email to Nordex directed that all future payments to Mountain Crane be sent to WF 2439.

30. USSS determined that WF 2439 is held in the name of Abbey Global Resources, LLC, with the address of 330 Arrowhead Blvd Apt 44E, Jonesboro, GA 30236, an address similar to those used to open bank accounts controlled by the Enterprise.

31. Believing the email to be legitimate, Nordex sent two electronic transfers to WF 2439 between July 1, 2022, and July 14, 2022: one for $274,623.75, and another for $115,115.38.

32. After the two payments were made, Nordex became aware of the fraud and reported it to USSS.

33. USSS determined that, on July 11 2022, check number 1217 in the amount of $45,000 written from WF 2439 was deposited into WF 5585.

*WF 5585 Received Fraud Proceeds from Victim O.J.*

34. O.J. is a 35-year-old individual who resides in Florida.

35. In or around August 2022, O.J. began to message with an individual using the name Joseph Leo Anderson ("Anderson") on Upward, a faith-based online dating website.

36. Anderson told O.J. that he was in the military and stationed overseas.

37. After a few weeks of talking, Anderson began asking O.J. for money to help pay his travel expenses.

38. On October 26, 2022, O.J. wired $32,350.00 to WF 5585, believing that O.J. was sending money to Anderson to pay his travel expenses.

39. Anderson told O.J. that he would repay O.J. once he returned to the States.

40. To date, O.J. has not received any money from Anderson.

*WF 5585 Received Fraud Proceeds from WF 0909*

41. C.C. is an 81-year-old individual who resides in California.

42. In or around June 2022, C.C. received a friend request from someone identified as Dr. William Wirthlin ("Wirthlin") on Facebook.

43. C.C. accepted the friend request, believing that one of her college friends was also friends with Wirthlin.

44. Wirthlin made romantic overtures to C.C. and convinced C.C. to establish a WhatsApp messaging application account so the two could communicate via the application.

45. Wirthlin began communicating with C.C. via WhatsApp and through email correspondence.

46. Wirthlin used a combination of trust and subterfuge to trick C.C. into making multiple withdrawals from her bank account for various purposes C.C. believed to be legitimate, including making donations to a purported children's charity and to C.C.'s mother's church, and the creation of a pancreatic cancer foundation in C.C.'s father's name.

47. At Wirthlin's request, from June 2022 through August 2022, C.C. sent approximately $513,961.00 to various entities that were subsequently deposited into the Enterprise's bank accounts at Wells Fargo, including $336,930.00 that was deposited into WF 0909 held in the name of Mattjoh Resources LLC.

48. USS determined that WF 0909 was opened using a deceased individual's identity.

49. On or about July 17, 2022, WF 0909 wired $55,000.00 to WF 5585.

*WF 5585 Receives Fraud Proceeds from WF 9127*

50. From approximately July 27, 2022, to August 3, 2022, WF 9127, an account associated with the Enterprise, received approximately $361,331.00 in suspicious deposits from different individuals across the United States in the form of cash, cashier's checks, and wires.

51. Most of the individuals making the deposits into WF 9127 were between the ages of 61 and 73 years old.

52. On August 3, 2022, check number 1092 in the amount of $87,500.00 from WF 9127 was deposited into WF 5585.

53. Upon information and belief, the source of this deposit was fraud proceeds the Enterprise obtained from various victims.

*WF 5585 Received Fraud Proceeds from Victim D.F.*

54. D.F. is a 77-year-old individual who resides in Texas.

55. In or around September 2022, D.F. was contacted through Facebook by an individual or individuals identifying themselves as C.L. Because D.F. is actually friends with someone named C.L., D.F. believed the person that contacted D.F. via Facebook was the real C.L.

56. The person purporting to be C.L. then connected D.F. to another person, Dave Brick ("Brick"), that was supposedly a mutual friend of both D.F. and C.L.

57. Brick told D.F. about a government grant program that would double or triple investments into the program.

58. Brick and the individual purporting to be C.L. convinced D.F. that this was a good investment program with a high rate of return.

59. Brick and the individual purporting to be C.L. also provided D.F. with documentation purportedly showing that the program was real.

60. Between July 2022 and December 2022, D.F., at the direction of Brick and the individual purporting to be C.L., wired approximately $200,000.00 to several different bank accounts.

61. When D.F. questioned Brick and the individual purporting to be C.L. about the return on D.F.'s investment, Brick and the individuals purporting to be C.L. told D.F. that D.F. had to pay taxes before D.F. received the return on D.F.'s investment.

62. On or about October 17, 2022, at the direction of Brick and the individual purporting to be C.L., D.F. wired $10,500.00 into WF 5585 to pay what D.F. believed to be the tax so D.F. could receive the return on the $200,000.00 D.F. invested.

63. In early January 2023, the real C.L. contacted D.F. to tell D.F. that C.L.'s Facebook account had been hacked. The real C.L. told D.F. that C.L. had not contacted D.F. regarding a government grant program.

*WF 5585 Received Fraud Proceeds from JPMC 6117*

64. K.M. is a 62-year-old individual who resides in Ohio.

65. In or around October 2022, K.M. was in the process of obtaining a loan from Financial Institution #1 to purchase a home.

66. On or about October 5, 2022, K.M. received an email from "closing@oonebox.com," which was later determined to be a fake email address.

67. The sender of the email from "closing@oonebox.com" purported to be K.M.'s loan officer with Financial Institution #1 and claimed to be providing new wiring instructions for K.M.'s loan payments.

68. The wiring instructions provided in the email from "closing@oonebox.com" instructed K.M. to wire funds to JPMC 6117, an account controlled by the Enterprise.

69. On or about October 5, 2022, JPMC 6117 received a wire for $208,750.20 from K.M.

70. Then, on or about October 6, 2022, JP Morgan Chase cashier's check number 9637300824 in the amount of $65,000.00 from remitter TMZ Construction LLC was deposited in WF 5585. The source of this deposit was the fraud proceeds obtained from K.M.

*A Counterfeit Check was Deposited into WF 5585*

71. In November 2022, KLF Transport, Inc. ("KLF"), an international transportation company, was a victim of counterfeit check fraud.

72. On November 21, 2022, Bank of Stockton check number 078902 drawn on an account held by KLF in the amount $35,450 was deposited into WF 5585.

73. The address listed on the check for KLF was 6808 Pacific Avenue, Stockton, CA 95207.

74. On November 25, 2022, Wells Fargo returned the check to the Bank of Stockton as unpaid.

75. The Bank of Stockton notified Wells Fargo that the check was a counterfeit item.

76. In March 2023, USSS contacted KLF and spoke with their accounting department, who told USSS that KLF did not bank with the Bank of Stockton.

77. USSS determined that KLF was not located at the address listed on the check – 6808 Pacific Avenue, Stockton, CA 95207 – and that the Stockton address was actually the address for the Bank of Stockton.

*The Fraud Proceeds Maintained in WF 5585 Are Released to Ike and Deposited into Bank of America Account Ending 7592*

78. On or about April 11, 2023, Wells Fargo closed WF 5585 due to fraud, providing a cashier's check in the amount of $505,762.34, made payable to Innocent C. Ike.

79. That same day, the cashier's check for $505,762.34 was deposited into Bank of America account ending 7592 in the name of Innocent Ike and Amanda Chidera Innocent-Ike. ("BOA 7592").

80. BOA 7592 was opened in 2018 at the Ansley Mall Bank of America Branch located at 1674 Monroe Drive, N.E. Atlanta, GA 30324.

## FIRST CLAIM FOR FORFEITURE

## 18 U.S.C. § 981(a)(1)(C)

81. The United States re-alleges and incorporates by reference Paragraphs 1 through 80 of this Verified Complaint for Forfeiture as if fully set forth herein.

82. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud).

## SECOND CLAIM FOR FORFEITURE

## 18 U.S.C. § 981(a)(1)(C)

83. The United States re-alleges and incorporates by reference Paragraphs 1 through 80 of this Verified Complaint for Forfeiture as if fully set forth herein.

84. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

## THIRD CLAIM FOR FORFEITURE

### 18 U.S.C. § 981(a)(1)(A)

85. The United States re-alleges and incorporates by reference Paragraphs 1 through 80 of this Verified Complaint for Forfeiture as if fully set forth herein.

86. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), or are property traceable to such property.

## FOURTH CLAIM FOR FORFEITURE

### 18 U.S.C. § 981(a)(1)(A)

87. The United States re-alleges and incorporates by reference Paragraphs 1 through 80 of this Verified Complaint for Forfeiture as if fully set forth herein.

88. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (money laundering), or are property traceable to such property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(1)  that the Court forfeit the Defendant Funds to the United States of America;

(2)  that the Court award Plaintiff the costs of this action; and

(3)  that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 3rd day of July 2024.

       Respectfully submitted,
       RYAN K. BUCHANAN
         *United States Attorney*
       600 U.S. Courthouse
       75 Ted Turner Drive SW
       Atlanta, GA 30303
       (404) 581-6000   fax (404) 581-6181

/s/NORMAN L. BARNETT
         *Assistant United States Attorney*
       Georgia Bar No. 153292
       Norman.Barnett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $505,762.34 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER ENDING 7592, <br><br> DEFENDANT. | CIVIL CASE NO.: |

## **VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Matthew Oltman, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 3rd day of July 2024.

*Matthew S. Oltman*
MATTHEW OLTMAN
SPECIAL AGENT
UNITED STATES SECRET SERVICE